**C. L. BELL, Appellant,**

v.

**MISSOURI-KANSAS-TEXAS RAILROAD COMPANY OF TEXAS, Appellee.**

No. 16078.

Court of Civil Appeals of Texas.

Fort Worth.

April 1, 1960.

Rehearing Denied April 29, 1960.

Jacobs, Davis & Schmidt, and Maurice M. Davis, Houston, for appellant.

William A. Thie, Denison and Fred L. Wallace, Fort Worth, for appellee.

MASSEY, Chief Justice.

On February 12, 1960, we entered judgment reversing the judgment of the trial court and remanding the cause for another trial. After further study of the case on motion for rehearing, we have come to the conclusion that we were in error in so doing, and that the proper judgment to be entered would be that of affirmance. The former opinion is hereby withdrawn and the following substituted therefor.

The appeal is by the plaintiff from a take-nothing judgment entered in a suit for damages because of personal injuries allegedly sustained under provisions of the Federal Employers' Liability Act (F. E. L. A.), 45 U.S.C.A. § 51 et seq. Plaintiff's injuries resulted from the upset of an automobile driven by him on a public highway within the State of Texas, such upset allegedly having resulted in whole or in part by reason of the failure of a defective tire and/or tube on the right front wheel of the automobile. The automobile was furnished by the defendant railroad employer to the plaintiff for use in the scope and course of his employment as a "General Livestock Agent". There is no question but what the suit is controlled by the Act.

By answers returned to Special Issues Nos. 1 and 2 the jury found that the tires and tubes on the automobile furnished the plaintiff were defective at the time and place in question. Conditionally submitted, for answer of the jury only in the event the jury so found as to tires and tubes, or as to either the tires or the tubes, was the issue which read as follows:

"Special Issue No. 2A: * * * Question: Do you find from a preponderance of the evidence that the happening in question was a direct and proximate result of

such defective tires or tubes, if you have found that such tires or tubes were defective? Answer 'yes' or 'no'." To this issue the jury returned the answer, "No".

Plaintiff's objection to the aforesaid issue reads as follows: "Plaintiff objects and excepts to special issue No. 2–A inquiring as to whether the happening in question was a direct and proximate result of such defective tires or tubes for the reason that the same should confine the question to the proximate cause in whole or in part of such defective tires or tubes and the use of the word 'result' instead of the word 'cause' might and probably would mislead and confuse the Jury, and the failure of the Court to add the words 'in whole or in part' as in other issues submitted concerning the alleged negligence of the defendant, is reasonably calculated to cause and probably would cause the Jury to believe that a different test should be applied in answering this special issue and that the Court is of the opinion that a different test should be applied."

We are of the opinion that the special issue as submitted actually imposed a greater burden upon the plaintiff than is required by law. The issue is one which is so framed that the jury would not be enabled to return an affirmative answer thereto upon finding the plaintiff's injuries to have been the "proximate" result of the defective condition found but necessarily would be required to find, additionally, that the injuries were the "direct" result of such defect. However, we are further of the opinion that the plaintiff's objection to the issue was not sufficient to point out and preserve the error for purposes of reversal. Under the provisions of Texas Rules of Civil Procedure, rule 274, a party objecting to a charge must not only point out distinctly the matter to which he objects but also the grounds of his objection. Where a point presented upon appeal is founded in the contention that a special issue casts a greater burden upon the complainant than was proper

under the circumstances, an appellate court is required to apply certain tests in determination of whether reversible error exists under the circumstances. A part of the tests to be applied involves the determination of whether the complainant so sufficiently stated the same contention and reason therefor in his objection to the trial court as to make it apparent that the trial court, though fully cognizant of the ground of complaint, nevertheless chose to submit the issue. That plaintiff so sufficiently objected to the issue is not apparent in the present instance, and therefore we would treat as "waived" the right to complain because of the increased burden cast upon the plaintiff through the presence of the word "direct".

■ As applied to the "reason" which actually was mentioned in the objection, to wit: "for the reason that the same should confine the question to the proximate cause in whole or in part of such defective tires or tubes", we are of the opinion that the addition of the desired qualifying words, "in whole or in part" would not have lessened in any degree the burden otherwise carried by plaintiff upon the same issue. The charge contained a definition of the legal term "proximate cause" in the usual and customary language used when the element of "new and independent cause" is embodied in its definition. We recently had occasion to make an analysis of what effect, if any, the use of the phrase "in whole or in part" (in an analogous issue) would have upon the burden inherent in all such issues. We concluded that such qualifying words would not lessen the burden otherwise carried by the plaintiff upon such an issue, at any event when the issue is considered in connection with the definition of "proximate cause". Texas & P. Ry. Co. v. Younger, Tex.Civ.App., Fort Worth 1953, 262 S.W. 2d 557, writ refused n. r. e.

Plaintiff objected to the inclusion, within the definition of the legal term "proximate cause", of the element of new and independent cause. Of course, if in the trial of a negligence case the evidence raises the issue of new and independent cause it may be reversible error not to include the term in such a definition. Conversely, where the evidence does not raise the issue of new and independent cause it may be reversible error to inject it under the definitions. In our opinion, the circumstances of the instant case are such that no error to the prejudice of the plaintiff may be presumed. There was no evidence on the motion for new trial in demonstration that such error probably resulted in prejudice to the plaintiff, nor is any prejudice therefrom apparent when the whole record is considered. For this reason the point of error is overruled.

■ Plaintiff filed numerous specially requested issues which were denied. Complaint because of the refusal of certain of the issues was made on motion for new trial, and is brought forward on the appeal. Examination of said specially requested issues reveals that they either presented no more than evidentiary issues upon the question of safe place to work or safe tools and equipment as related to the tires and tubes, found to have been defective in answers returned to Special Issues 1 and 2, or substantially submitted the same ultimate questions posed by these issues, along with Special Issue 2A. Even had the requested issues been given, once the question of proximate cause or proximate result (incident to the defective tires and/or tubes) was reached, the same ultimate question would have been embodied in the defective submission of Special Issue No. 2A. Special Issue No. 2A presented the ultimate question, albeit defectively. There would be no error warranting reversal because of the refusal of an issue which properly presents the ultimate question when an improper or defective issue purportedly posing the same ultimate issue is actually given, *unless a good and sufficient objection is actually made to the issue which is given.* Reversibility lies in the giving of such an issue—not in

the refusal to give an additional issue when there has been no withdrawal of the defective issue which is given, for a request for another and different charge is not a substitute for an objection which is insufficient or absent and does not properly call error to the attention of the court. Naylor v. Lack, Tex.Civ.App., Dallas 1951, 243 S.W.2d 240; Southwestern Settlement & Development Corp. v. State, Tex.Civ.App., Beaumont 1955, 282 S.W.2d 78, writ refused n. r. e.

■ The same thing would be true as to the trial court's refusal to give a specially requested instruction to the jury concerning the obligation of an employer in an F. E. L. A. case in furnishing its employee with safe tools or other equipment, etc., with which to do and perform his work. The "equipment" (which in this instance would be the tires and/or tubes) was found to have been defective, but in answer to the issue conditionally submitting the question of proximate cause the jury refused to find for the plaintiff. Plaintiff would not have been aided, under these circumstances, even had the specially requested instruction actually been given.

■ By one point of error plaintiff complains because of the submission of Special Issue No. 10, inquiring whether plaintiff voluntarily assumed the risk incident to use of the automobile at time of his injuries. The jury answered the issue in the affirmative. Although the point of error is sustained, it having been erroneous to submit such an issue in an F. E. L. A. case, the effect thereof would be only to disregard the issue and jury finding as by striking it from the charge. Sustaining the plaintiff on the point of error would not, in this case, operate to cause a reversal of the trial court's judgment.

■ By another point of error plaintiff complains because the trial court failed and refused to set aside and disregard the findings of the jury in response to Special Issues Nos. 2A and 10, and to

enter judgment non obstante veredicto for the plaintiff. Essentially, the ground for the contention is that there was no evidence to support the negative finding of the jury to Special Issue No. 2A and the affirmative finding of the jury to Special Issue No. 10. Answer to Special Issue No. 10 should be disregarded for the reason mentioned in the preceding paragraph. As applied to Special Issue No. 2A, it is to be remembered that the burden upon the issue would have been plaintiff's even had there been no defect in its form. A negative finding to such an issue could not be reversed and a finding to the contrary made as a matter of law. The point of error is overruled.

By points of error Nos. 7, 8, 9, 10, and 11, plaintiff complains because of jury misconduct. T.R.C.P. 327 provides that if alleged material misconduct is proved, etc., and if it reasonably appears from the evidence both on the hearing of the motion for new trial and the trial of the case and from the record as a whole that injury probably resulted to the complaining party, a new trial may be granted by the trial court.

Regarding the value of precedents before the effective date of the Rule in question (September 1, 1941), it has been stated that those cases which determine what facts amounted to misconduct were undisturbed. Cases which theretofore held that certain misconduct was harmless would have certain importance, for misconduct which was harmless before said date in 1941 would remain harmless. However, as to misconduct which was deemed prejudicial prior to 1941, a reexamination would be required to determine that "it reasonably appears from the evidence both on the hearing of the motion and the trial of the case and from the record as a whole that injury probably resulted to the complaining party."

■ We have already quoted the language of Special Issue 2A, which embodied the terms "direct" and "proximate" as re-

lated to the cause of the automobile upset in the phrase "direct and proximate result". Only *legal terms* are required to be explained or defined in a charge of the court, i. e., those which have in law and judicial proceedings a meaning different from their ordinary meaning and import. Texas & P. Ry. Co. v. Short, Tex.Civ.App., Eastland 1933, 62 S.W.2d 995, error refused. "Proximate cause" is such a term because its meaning in law and judicial proceedings is quite different from its literal meaning. Literally, "proximate cause" means the cause nearest to the effect produced, and a plaintiff in a negligence case need not prove the element of causation resulting from defendant's negligence as prerequisite to imposition of liability. Gulf, C. & S. F. Ry. Co. v. Rowland, 1897, 90 Tex. 365, 38 S.W. 756. A jury that knows and considers the literal meaning of "proximate cause", through a resort to a dictionary during the course of jury deliberations in a negligence case, is guilty of misconduct amounting to reversible error. Figula v. Fort Worth & D. C. Ry. Co., Tex.Civ. App., Fort Worth 1939, 131 S.W.2d 998, error refused. (Like question does not exist in the instant case, being foreclosed in a presumed fact determination.)

Literally, "direct cause" means the controlling and/or immediate cause which creates an effect, and the foreseeability of such or similar effect is not necessarily an element thereof. Its legal meaning does not differ from its ordinary meaning and import and therefore "direct cause" is not such a *legal term* as is required to be explained or defined in a charge of the court to a jury. Inquiry in a negligence case as to whether a defendant's negligence constitutes a "direct cause" of a plaintiff's injuries is prejudicial to the defendant because it might permit the imposition of liability upon the defendant by the plaintiff without there having been any "foreseeability". Norton v. Caster, Tex.Com.App.1935, 125 Tex. 48, 81 S.W.2d 487; Phoenix Refining Co. v. Tips, Tex.Com.App.1935, 125 Tex. 69, 81 S.W.2d

60. The same inquiry would be prejudicial to the plaintiff because it makes it a prerequisite to any imposition of liability upon the defendant that the plaintiff obtain a jury finding that defendant's act or omission was the controlling or immediate cause when the law requires of him that he establish no more than that the result thereby occasioned was the natural and probable consequence of the negligence of the defendant, which result or some similar result should have been reasonably foreseen by defendant. See language from the original and concurring opinions of the intermediate court in Norton v. Caster (Commercial Standard Ins. Co. v. Caster, Tex.Civ.App., Waco 1933, 59 S.W.2d 931). The reversal by the Commission of Appeals (opinion adopted) did not destroy the verity of what had been said upon the effect of so framing an issue as applied to a plaintiff. See also Belzung v. Owl Taxi, Tex.Civ. App., Eastland 1934, 70 S.W.2d 288, writ dismissed; Gulf, C. & S. F. Ry. Co. v. Rowland, supra; Texas & P. Ry. Co. v. Short, supra.

During the course of its deliberations upon the verdict in the instant case the jury was confused because of the presence in Special Issue 2A of both words, "direct" and "proximate". The charge gave the jury a definition of "proximate cause", but not of "direct cause" or "direct and proximate cause". Difficulty occurred in connection with the jury's work on the afternoon of the first day of deliberations. That difficulty resulting in action, material of consideration, related to the word "direct" and to what would be a "direct result" as applied to the question in Special Issue 2A. One of the jurors, a Mr. Gieger, brought a dictionary to the jury room the following morning, and it was consulted by the individual jurors in an attempt to resolve the difficulty. The dictionary supplied was a Webster Collegiate Dictionary, 2nd Ed., a Merriam Publication.

As applied to the word "direct", the language under its definition in the afore-

said dictionary (which the jury considered might have application to Special Issue No. 2A) reads as follows: " 'Cause a person or thing to turn, move, point or follow a course as to direct one's attention to certain faults or to point out to one the right way or road; to regulate the activities or course of; to govern or control; to give guidance to; pertaining to or affected immediately by action of the people through their votes instead of through one or more representatives as direct legislation or as an adverb in a direct manner directly or straight.' "

Prior to the use of the dictionary, and as of the end of the first day's deliberations, the jury stood "nine to three" upon whether the proper answer to Special Issue No. 2A should be "yes" or "no", the majority being in favor of answering in the negative. The principal concern in examining the dictionary brought by Mr. Gieger during the second day of deliberations was the definition of the word "direct". None of the three who desired to vote in the affirmative at the end of the first day voted in the negative during the morning of the second day. It was in the early afternoon that one voted to change. Some time later the other two jurors agreed to change and answer Special Issue No. 2A in the negative.

Had the burden of the issue not been too onerous by reason of the inclusion of the word "direct",—as, for example, might have been the case had the court given the term "direct cause" a "legal" definition at variance with the dictionary definition,— it is certain that the jury's consideration of the definition found in the dictionary would have constituted reversible error. However, the plaintiff, having failed to properly and adequately object to the use of the word in Special Issue No. 2A, was in position of standing committed to the issue as submitted. He stood adversely affected and prejudiced even before the jury began its deliberations. Under these circumstances, could it be said that he was adversely

affected by the jurors' reference to the dictionary and to the dictionary definition of the word "direct", when that definition did not alter its literal meaning, to wit, "the controlling and/or immediate cause which creates an effect"? We do not believe that additional prejudice to him would be necessarily probable.

In the process of preparing this opinion, it was readily discovered that there was danger of further undue lengthening of the opinion in a discussion best left to future opinions by the Supreme Court. Our own conclusion, under the facts of this case, is that it was the presence of the word "direct" in the phrase "direct and proximate cause" embodied in Special Issue No. 2A which prejudiced the plaintiff, and probably caused the jury to agree to return an answer thereto in the negative, as part of the verdict, when one or more of such jurors probably would not have agreed to return the same answer but for the presence of the word. Furthermore, we are of the opinion that the result would have been the same whether the dictionary had been consulted or not, and that the definition of the word "direct" as same appeared in the dictionary did not materially alter the meaning of such word from that meaning which it conveyed to individual jurors before the dictionary was consulted.

As has been pointed out hereinabove, the plaintiff cannot complain because of the presence of the word "direct" within the body of the issue. He can only complain of the jury's reference to the dictionary for its definition of the word. If the jury's answer would have been the same whether or not the dictionary was consulted, there could have been no prejudicial error in consulting it. We would be entitled to presume that the trial court considered only the evidence which bore upon matters of material misconduct and arrived at the same conclusions through application of the same tests of reversibility, including exercise of its undoubted right to disregard

all evidence bearing upon the jurors' mental processes, and to resolve all factual issues arisen in the evidence by virtue of contradictory testimony or by reason of any issues existent perforce witnesses' credibility becoming a matter of consideration in any factual determination. Having resolved every such issue in favor of the defendant, the trial court then reached the "legal" conclusion that the jury's negative answer to Special Issue No. 2A was *not* the result of its overt acts of misconduct with use of the dictionary, but rather the result of properly applying the meaning and intent of the issue, as framed, to the evidence adduced on the trial,—and that the error, if any, lay in the issue itself and not in the action of the jury. Our own "legal" conclusion is the same.

Judgment is affirmed.