**TEXAS EMPLOYERS' INSURANCE ASS'N, Petitioner,**

v.

**William Fred NEUMAN, Respondent.**

No. A–9927.

Supreme Court of Texas.

May 20, 1964.

Shafer, Gilliland, Davis, Bunton & McCollum, Odessa, for petitioner.

John J. Watts and Thomas A. Sneed, James D. Cunningham, Odessa, for respondent.

GREENHILL, Justice.

This is a workmen's compensation suit. In the trial court, the injured workman, William Fred Neuman, recovered for injuries to his leg. He was not satisfied with the amount of the recovery and appealed. The Court of Civil Appeals reversed the judgment of the trial court because of the manner of submission of the jury issue as to whether the injury was confined to his leg. 377 S.W.2d 108.

Neuman sought to recover for total and permanent incapacity because of a general injury. Special issues were submitted on this theory. His leg was broken, but he contended that his back was also injured and that injury also resulted in his having stomach ulcers. The defendant insurance company sought to limit the recovery to incapacity resulting from an injury to the plaintiff's leg. In this connection, the company requested that two special issues be submitted to the jury:

1. Do you find * * * that the plaintiff's injury, if any, and the ef-

fects thereof, if any, are confined to his right leg?

2. Do you find * * * that the incapacity, if any you have found, is not caused solely by the incapacity or loss of use, if any, to the plaintiff's right leg?[1]

Plaintiff's counsel's only objections to the submission of either or both of these issues were (1) there was no evidence and (2) there was insufficient evidence to support the submission of the issue or issues. Particularly, there was no objection to the form of the first issue, and no contention that it failed to state properly the elements necessary to limit the recovery to the specific injury.

The trial court gave the first of these issues requested by the defendant and refused to give the second. There was no objection by plaintiff's counsel to the court's refusal to submit the second issue. The jury answered the first in the affirmative: that the injury and its effects were confined to the plaintiff's right leg. On appeal, counsel for the plaintiff contended that the plaintiff was entitled to a new trial because the trial court refused to submit the second issue *requested by the defendant*. He contended, and the Court of Civil Appeals agreed, that the correct way to submit the issue (limitation to the leg) was the second issue which had been requested by the defendant but refused by the trial court.

Rule 274 of the Texas Rules of Civil Procedure says that objections to the court's charge "must point out distinctly the matter to which he objects and the grounds of his objection." It then continues:

"Any complaint as to an instruction, *issue,* definition or explanatory instruction, *on account of any defect, omis-*

sion, or fault in pleading, *shall be deemed waived* unless specifically included in the objections." [Emphasis ours.]

■ Under Rule 274, any objection to the first issue must have been made in the trial court, before the case was submitted to the jury. Otherwise the objection was waived. We hold that it was waived here. Cox v. Huffman, 159 Tex. 298, 319 S.W.2d 295 (1959).

Further, Rule 279 provides that failure to submit an issue shall not be deemed a ground for reversal unless its submission has been requested in writing in substantially correct wording. It continues:

"* * * provided, however, that objection to such failure shall suffice in such respect if the issue is one relied upon by the opposing party."

■ The issue here was one relied upon by the opposing party [the defendant], but plaintiff had no objection to the failure of the court to submit it. Hence under Rule 279, the failure to submit the issue was not grounds for reversal of the judgment.

■ Counsel for the plaintiff further argues that the burden was on the defendant to get the correct submission of an issue or issues which would support a judgment which limited plaintiff's recovery. The objection to issue No. 1 made by plaintiff's counsel in his brief in the Court of Civil Appeals [he has filed no brief in this Court] is that the issue should have been, "Was the injury *or* its effects confined to the right leg?" The issue given asked if the injury *and* the effects thereof were confined to the right leg. In the issue given, the defendant was put to a more difficult burden: it had to convince the jury that both the injury *and* its effects were confined to the leg. It is

---

1. Technically the first of the above issues was defendant's requested issue No. 2 and the second was the requested issue No. 6. Both were followed by a supporting issue inquiring as to the percentage of loss of use of the leg. The jury found that the loss was 35%. For purposes of simplicity, the two requested special issues will here be called requested issues 1 and 2. The issue on percentage of loss is not challenged and will not be discussed.

our opinion that the issue, unobjected to, will support the judgment of the trial court.

 Finally, plaintiff's counsel contends that the failure to submit defendant's requested issue No. 2 *was* objected to; that the defendant itself excepted to the court's failure to give defendant's requested issue. From this, plaintiff's counsel says that the failure of the court to submit defendant's issue was called to the court's attention, and this is all that should be required. The contention is overruled. The defendant was satisfied with the trial court's judgment and did not bring forward on appeal any complaint of the failure of the trial court to submit its requested issue. And there is no basis, under Rule 279, for plaintiff, in the circumstances set out above, to complain on appeal for the failure of the court to submit the defendant's second requested issue.

The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.