**Abe MORRIS, Petitioner,**

v.

**Jim HOLT, Respondent.**

No. C–4846.

Supreme Court of Texas.

July 16, 1986.

Rehearing Denied Sept. 10, 1986.

Patrick A. Pirtle, Amarillo, for petitioner.

Rick Keffler, Amarillo, for respondent.

## OPINION

RAY, Justice.

This is a suit to recover an equity interest in two restaurants. We are asked whether Defendant's issue tendered in substantially correct form, but refused, is sufficient under Tex.R.Civ.P. 279 to preserve error concerning an omitted issue relied upon by the opponent. We are additionally faced with the situation that the jury answers do not support a judgment for the Plaintiff, Jim Holt. After a jury trial, the trial court rendered judgment favorable to Holt. The court of appeals affirmed in an unpublished opinion. We reverse the judgments of the trial court and the court of appeals and render a judgment that Holt take nothing.

In May, 1979, Holt and Morris agreed in writing that Holt was to manage two restaurants owned by Morris. For his performance of services, Holt would receive a salary plus twenty percent (20%) of the net profits from the two restaurants. The agreement also provided that Morris was to retain the net profits from the two restaurants until they equalled twenty percent (20%) of the total $400,000 estimated value of the restaurants or until five (5) years had passed, whichever occurred first. Upon the happening of these events, Holt would own twenty percent (20%) of both restaurants. In November, 1980, the parties orally agreed to change the twenty percent (20%) figures in their agreement to fifty percent (50%).

In November, 1981, Holt terminated his employment with Morris and later sued Morris for "breach of an agreement to form a partnership" because Morris refused to sign a partnership agreement contract. Morris responded by denying the parties had ever agreed to form a partnership. He also pleaded the statute of frauds as an affirmative defense. Morris additionally argued that Holt breached the employment contract by failing to remain as manager of the restaurants for a period of five (5) years.

Morris tendered issues inquiring whether the parties had agreed to form a partnership and whether the parties had agreed that if Holt terminated his employment prior to five years that Morris was to purchase Holt's accumulated equity interest. These issues were refused, although they were supported by Holt's pleadings. Morris then objected that the submitted Issue No. 1 improperly placed the burden on him as defendant. Holt, however, requested no issue which could support a favorable judgment for him. Nor did he move for a summary judgment or instructed verdict.

The trial court submitted two issues to the jury. The first issue is set out as follows:

### Issue No. 1

Do you find from a preponderance of the evidence that the parties agreed that Jim Holt was required to work five years for Abe Morris before he would own any equity interest in the two Sirloin Stockades?

Answer: "They did agree" or "They did not agree."

The jury answered "they did not agree." The second issue dealt with the statute of frauds and whether the oral agreement between Morris and Holt could have been performed within one year. The jury found the agreement was performable within one year. Upon the two jury findings, the trial court rendered judgment for Holt.

In his appeal, Morris argued the trial court erred in refusing to submit his requested issues. Morris explains that in response to the trial court's inquiry as to what objections he had to the proposed charge, Morris orally requested the court to submit the issues. When this was denied, he tendered a written request for the same issues. These were refused by the trial court. The court of appeals held that for Morris to preserve error on these omitted issues, he was required to object to the charge for failure to submit an issue relied upon by Holt.

■ The court of appeals, relying upon the opinion in *Jon-T Farms Inc. v. Goodpasture, Inc.,* 554 S.W.2d 743, 751 (Tex.Civ. App.—Amarillo 1977, writ ref'd n.r.e.), concluded that Morris' written request for submission of the issues was insufficient to preserve his complaint on appeal as to the trial court's failure to submit the issues. We disagree with this interpretation of Rule 279, Tex.R.Civ.P. which provides in pertinent part as follows:

Failure to submit an issue shall not be deemed a ground for reversal of the judgment, unless its submission, in substantially correct wording, has been requested in writing and tendered by the party complaining of the judgment; provided, however, that objection to such failure shall suffice in such respect if the issue is one relied upon by the opposing party.

Rule 279 permits a party in Morris' position to preserve error as to the trial court's failure to submit an issue by making a timely, specific objection or by requesting submission of the issue in substantially correct form.

We believe *Clarostat Mfg., Inc. v. Alcor Aviation, Inc.,* 544 S.W.2d 788 (Tex.Civ. App.-San Antonio 1976, writ ref'd n.r.e.) correctly analyzes this issue:

[T]here is nothing in the Rule to support the conclusion that an objection is the only way of calling such omission to the attention of the trial court. Rule 279 requires tender of an issue in substantially correct form, but then goes on to provide that where the omitted issue is one relied upon by the opposing party, an objection shall be sufficient. A statement to the effect that an objection is "sufficient" cannot be construed reasonably as a statement to the effect that an objection is "the sole method by which the error can be preserved." All the Rule says is that when the omitted issue is an issue relied on by the opponent, it shall not be necessary to tender an issue in substantially correct form. It does not say that in case of such an omission the tender of an issue in substantially correct form is insufficient. The purpose

of the Rule is to place a more onerous burden on the party relying on the omitted issue than on the opponent. There is nothing in the language to indicate that a party who notes the omission of an issue relied on by his opponent cannot call the omission to the court's attention by tendering the omitted issue for submission.

544 S.W.2d at 794.

The issues tendered by Defendant Morris were sufficient to preserve error under Rule 279.

█ In his pleadings, Holt requested relief based upon a theory that Morris had breached an agreement to form a partnership. At trial, the case was apparently tried by consent under a theory that Morris had breached an oral agreement which, although not constituting an agreement to form a partnership, did call for Holt to earn an equity interest in the two restaurants. However, Holt failed to request submission of any issues relating to either of these theories of recovery. Finally, Holt may not rely upon the jury's negative answers to the two submitted defensive issues. The trial court cannot use a negative finding of a defensive issue to support a plaintiff's claim for affirmative relief. *Grenwelge v. Shamrock Reconstructors, Inc.*, 705 S.W.2d 693 (Tex.1986).

Since no jury answers were obtained as to any issue supporting Holt's recovery and the only jury answers examined were negative findings to Morris' defensive issues, we reverse the judgment of the court of appeals and render judgment that Holt take nothing.