

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00269-CV

Andrea **COLLIE**,
Appellant

v.

**IBEX STAFFING SOLUTIONS, INC**.
and Pronto General Agency, Ltd. d/b/a Pronto Insurance,
Appellees

From the County Court at Law No. 10, Bexar County, Texas
Trial Court No. 376802
Honorable Tina Torres, Judge Presiding

Opinion by:    Sandee Bryan Marion, Chief Justice

Sitting:    Sandee Bryan Marion, Chief Justice
    Rebeca C. Martinez, Justice
    Patricia O. Alvarez, Justice

Delivered and Filed:  March 11, 2015

AFFIRMED

In the underlying lawsuit, appellant, Andrea Collie, sued appellees, IBEX Staffing Solutions, Inc. and Pronto Insurance, for race discrimination and retaliatory discharge. The case was tried to a jury, which returned a verdict favorable to appellees. On appeal, Collie raises a single issue: the trial court committed reversible error by refusing to give a permissive-pretext instruction to the jury. We affirm.

**BACKGROUND**

The parties submitted proposed jury charges and, after the close of evidence, the trial court conducted a formal charge conference. At this time, Collie requested that the following permissive-pretext instruction accompany the liability question on discrimination: "If you disbelieve the reasons Pronto has given for its decision, you may but are not required to find that Pronto terminated Andrea Collie based on her race." The trial court refused the request and the following question and instruction was given to the jury:

> Was race a motivating factor in Pronto/IBEX's decision to discharge Andrea Collie?

> A "motivating factor" in an employment decision is a reason for making the decision at the time it was made. There may be more than one motivating factor for an employment decision.

> The jury answered "no" to this question and "no" to the question of whether Collie opposed

a racially discriminatory practice by reporting the practice.[1]

**ANALYSIS**

A proper instruction must (1) assist the jury; (2) accurately state the law; and (3) find support in the pleadings and the evidence. *Tex. Workers' Comp. Ins. Fund v. Mandlbauer*, 34 S.W.3d 909, 912 (Tex. 2000), *see* TEX. R. CIV. P. 278. On appeal, Collie asserts her request to include the omitted permissive-pretext instruction was necessary to the jury's understanding of the facts and circumstances of this case.

Explanatory instructions should be submitted when, in the sole discretion of the trial court, they will help the jurors understand the meaning and effect of the law and the presumptions the

---

[1] On appeal, Collie asserts the trial court erred by not informing the jury that it may, but is not required to, find that Pronto unlawfully discriminated against her (question one) and unlawfully retaliated against her (question four) if the jury disbelieved Pronto's proffered reasons for terminating her. However, during the charge conference, the only request for a permissive-pretext instruction was with regard to question one on discrimination.

law creates. *Pitts v. Sabine River Auth. of Tex.*, 107 S.W.3d 811, 819 (Tex. App.—Texarkana 2003, pet. denied). The court should not burden the jury with surplus instructions. *Acord v. General Motors Corp.*, 669 S.W.2d 111, 116 (Tex. 1984). Consequently, every correct statement of the law does not belong in the jury charge. *Maddox v. Denka Chem. Corp.*, 930 S.W.2d 668, 671 (Tex. App.—Houston [1st Dist.] 1996, no writ).

We review a trial court's refusal to include an instruction in the jury charge for an abuse of discretion. *Thota v. Young*, 366 S.W.3d 678, 687 (Tex. 2012). "The trial court has considerable discretion to determine necessary and proper jury instructions." *In re V.L.K.*, 24 S.W.3d 338, 341 (Tex. 2000); *Wal-Mart Stores, Inc. v. Middleton*, 982 S.W.2d 468, 470 (Tex. App.—San Antonio 1998, pet. denied) (court has more discretion over instructions than questions). To establish an abuse of discretion, the requested instruction must be necessary to enable the jury to render a proper verdict so that the trial court's refusal probably caused the rendition of an improper verdict. *Pitts*, 107 S.W.3d at 819. Therefore, "[w]hen a trial court refuses to submit a requested instruction, the question on appeal is whether the request was reasonably necessary to enable the jury to render a proper verdict." *Mandlbauer*, 34 S.W.3d at 912; *see* TEX. R. CIV. P. 277.

The question as submitted to the jury tracked Texas Pattern Jury Charge 107.6, which is derived from Texas Labor Code section 21.051. *See* STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES–EMPLOYMENT PJC 107.6 (2014). Section 21.051 provides, in pertinent part, as follows:

> An employer commits an unlawful employment practice if because of race, color, disability, religion, sex, national origin, or age the employer: (1) fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment; . . . .

TEX. LABOR CODE ANN. § 21.051(1) (West 2006).

The definition of "motivating factor" contained in the jury charge is derived from Labor Code section 21.125, which provides that "an unlawful employment practice is established when

the complainant demonstrates that race . . . was a motivating factor for an employment practice, even if other factors also motivated the practice, unless race . . . is combined with objective job-related factors to attain diversity in the employer's work force." *Id.* at 21.125(a).

Collie's requested instruction, therefore, does not arise from the Texas Pattern Jury Charge. Collie, instead, relies on section 11.5.1 of the Fifth Circuit Pattern Jury Charge, which states, in pertinent part: "If you disbelieve the reason(s) Defendant has given for its decision, you may *infer* Defendant [challenged employment action] Plaintiff because of [his/her] [protected trait]." [Emphasis added.] *See* FIFTH CIRCUIT LABOR AND EMPLOYMENT LAW PATTERN JURY CHARGES (3rd Rev. 2009) § 11.5.1, at 16. However, the instruction requested by Collie differed: "If you disbelieve the reasons Pronto has given for its decision, you may but are not required to *find* that Pronto terminated Andrea Collie based on her race." [Emphasis added.]

On appeal, appellees contend Collie failed to tender a permissive-pretext instruction in a substantially correct format. An appellate court will not reverse a trial court's judgment for failing to submit a jury instruction unless a substantially correct instruction has been requested in writing and tendered by the party complaining of the judgment. TEX. R. CIV. P. 278; *see Morris v. Holt*, 714 S.W.2d 311, 312 (Tex. 1986). Collie counters that the difference between "infer" and "find" is a difference without a distinction. Assuming, without deciding, that Collie submitted a proposed instruction in substantially correct form, we next consider whether the trial court abused its discretion by refusing the instruction.

"A permissive pretext instruction specifically informs jurors that they are permitted to, but need not, infer that an employer's actions regarding an employee were based on a prohibited motivation from evidence that the reasons the employer gave for its actions were mere pretext." *Kanida v. Gulf Coast Med. Pers. LP*, 363 F.3d 568, 573 (5th Cir. 2004). "This is, however, only

an evidentiary instruction, and to prevail employees must prove that the employer's actions were taken because of the prohibited motivation." *Id.*

Collie relies on an opinion by a panel of the Fifth Circuit in which the court agreed with the plaintiff in an underlying age discrimination case that the district court had erred in refusing a permissive-pretext instruction. *See Ratliff v. City of Gainesville*, 256 F.3d 355, 359, 360 (5th Cir. 2001). The *Ratliff* court, in turn, relied on the U.S. Supreme Court's opinion in *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000), in which that Court stated: "a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Id.* at 148. The *Ratliff* court found "[the plaintiff's] argument persuasive, in light of the Supreme Court's admonition in *Reeves*, as well as our precedent post-*Reeves* rejecting district court judgments that have not comported with *Reeves*." *Ratliff*, 256 F.3d at 360.

Almost three years later, another panel of the Fifth Circuit called *Ratliff* into question because it believed the "permissive pretext jury instruction holding in *Ratliff* unnecessarily expand[ed] the scope of the *Reeves* opinion." *See Kanida*, 363 F.3d at 574, 577 ("we disagree with *Ratliff* and urge *en banc* reconsideration of its holding that it is error for the district court to refuse to give a requested permissive pretext instruction in employment discrimination cases"). Although the Fifth Circuit has not reconsidered its holding in *Ratliff*, we find its concerns helpful when deciding whether the Texas trial court here was required to submit a federal pattern jury charge in this case. *See Neloms v. BNSF Ry. Co.*, No. 02-09-00281-CV, 2011 WL 944434, at *2 (Tex. App.—Fort Worth Mar. 17, 2011, no pet.) (mem. op.) (holding submission of federal pattern jury charge instructions not mandated in Federal Employers' Liability Act suits against railway company in cases tried in Texas state courts).

The *Kanida* court first noted that *Reeves* was not a jury case; instead, the *Reeves* Court reviewed the evidence a plaintiff must produce to fulfill their burden and avoid summary judgment or judgment as a matter of law. *Kanida*, 363 F.3d at 574-75 (citing *Reeves*, 530 U.S. at 146-47). "*Reeves* considered the plaintiff's burden of production within the context of the burden shifting analysis first articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L.Ed.2d 668 (1973)." *Id.* at 575 (citing *Reeves*, 530 U.S. at 142-47). "Thus, *Reeves* was intended to clarify the judiciary's understanding of the evidentiary burden of production plaintiffs must meet to survive *McDonnell Douglas* burden shifting analysis." *Id.* "The *McDonnell Douglas* formula, however, is applicable only in a directed verdict or summary judgment situation," and "is not the proper vehicle for evaluating a case that has been fully tried on the merits." *Id.* (quoting *Powell v. Rockwell Int'l Corp.*, 788 F.2d 279, 285 (5th Cir. 1986)). "Thus, *Ratliff*'s holding that *Reeves* also guides the evaluation of cases fully tried on the merits appears to be in tension with *Reeves* and our own precedent." *Id.*

Second, the *Kanida* court noted "*Reeves* did not change what a plaintiff must ultimately prove to prevail on their claim—that the adverse employment action was motivated by actual discriminatory intent." *Id.* "This Court has consistently held that district courts should not frame jury instructions based upon the intricacies of the *McDonnell Douglas* burden shifting analysis." *Id.* at 576; *see also Walther v. Lone Star Gas Co.*, 952 F.2d 119, 127 (5th Cir. 1992) ("Instructing the jury on the elements of a prima facie case, presumptions, and the shifting burden of proof is unnecessary and confusing."). "Instead, we have held that district courts should instruct the jury to consider the ultimate question of whether a defendant took the adverse employment action against a plaintiff because of her protected status." *Kanida*, 363 F.3d at 576. "Before *Ratliff* we only required district courts to instruct juries on the ultimate question they must answer; *Reeves*

did not change this. Consequently we should not have interpreted *Reeves* to alter the instructions that district courts are required to give to a jury." *Id.*

Next, the *Kanida* court noted "the pretext inference described in *Reeves* is merely a permissive and not a mandatory inference." *Id.* "The Fifth Circuit pattern jury instruction on the consideration of evidence permits jurors to draw the reasonable inferences they feel the evidence justifies." *Id.* "There are numerous permitted inferences, and only requiring an instruction regarding the permissive pretext inference risks confusing the jury regarding the ultimate issue a plaintiff must prove." *Id.* "Diverting the jurors' attention in this manner risks understating the complexity of their inquiry, and potentially places the burden of persuasion upon employers to show that the explanations they offer are true rather than requiring plaintiffs to prove that their employers acted with inappropriate intent." *Id.*

Finally, the *Kanida* court stated that in *Ratliff* it based its "holding that permissive pretext instructions are required in part on the concern that '[w]ithout a charge on pretext, the course of the jury's deliberations will depend on whether the jurors are smart enough or intuitive enough to realize that inferences of discrimination may be drawn from the evidence establishing plaintiff's prima facie case and the pretextual nature of the employer's proffered reasons for its actions,' and concluded that '[i]t does not denigrate the intelligence of our jurors to suggest that they need some instruction in the permissibility of drawing that inference.'" *Id.* (citations omitted). The *Kanida* court noted, however, that in the case before it, "even without the permissive pretext instruction, the jury received instructions regarding the ultimate legal question it must answer and the jury was also instructed that it was permitted to draw any reasonable inferences it felt the evidence justified." *Id.* at 577. "The plaintiff was free to argue that actual discriminatory intent was the appropriate inference to make from the evidence offered to show that the employer's purported reasons for their actions were mere pretext." *Id.*

Here, the jury question correctly tracked Texas Pattern Jury Charge 107.6 and the instruction properly placed the burden of proof on Collie.[2] *See id.* at 575 (*Reeves* did not change requirement that plaintiff must prove adverse employment action was motivated by actual discriminatory intent). Also, as the *Kanida* court noted, the permissive-pretext instruction is a permissive inference and not a mandatory inference. *Id.* at 576. Here, the comments to Pattern Jury Charge 107.6 suggest a circumstantial evidence instruction may be appropriate, and such an instruction was given in this case; the jury was instructed that a fact "may be established by direct evidence or by circumstantial evidence or both" and a "fact is established by circumstantial evidence when it may be fairly and reasonably inferred from other facts proved." *See* STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES–ADMONITORY INSTRUCTIONS PJC 100.8; *id.* PJC 107.6 cmt. ("Circumstantial Evidence"). Thus, "even without the permissive pretext instruction, the jury received instructions regarding the ultimate legal question it must answer and the jury was also instructed that it was permitted to draw any reasonable inferences it felt the evidence justified." *Kanida*, 363 F.3d at 577. Consequently, although Collie's proposed instruction might have been helpful, we cannot conclude that it was "reasonably necessary to enable the jury to render a proper verdict" so that the trial court's refusal probably caused the rendition of an improper verdict. *See Mandlbauer*, 34 S.W.3d at 912; *see also Neloms*, 2011 WL 944434, at *2.

---

[2] At trial, it was Collie's burden to prove that race discrimination was a motivating factor. *See Wal-Mart Stores, Inc. v. Canchola*, 121 S.W.3d 735, 739 (Tex. 2003) ("At trial, it was Canchola's burden to prove that disability discrimination was a motivating factor in Wal-Mart's decision to terminate him."); *Ojo v. Farmers Group, Inc.*, 356 S.W.3d 421, 426 (Tex. 2011) ("Under the Labor Code, a plaintiff must show causation by demonstrating that race was a motivating factor in the employer's decision . . . .").

**CONCLUSION**

For the reasons stated above, we conclude the trial court did not abuse its discretion in refusing Collie's permissive-pretext instruction. Therefore, the trial court did not err in overruling Collie's motion for new trial. Accordingly, we affirm the trial court's judgment.

Sandee Bryan Marion, Chief Justice