United States Court of Appeals
Fifth Circuit

**F I L E D**

April 7, 2004

Charles R. Fulbruge III
Clerk

REVISED April 12, 2004

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

————————

No. 02-21149

————————

LORETHA KANIDA,

Plaintiff – Appellant,

versus

GULF COAST MEDICAL PERSONNEL LP; NURSEFINDERS
INC,

Defendants – Appellees.

Appeal from the United States District Court
For the Southern District of Texas

Before JONES, EMILIO M. GARZA, and BENAVIDES, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Loretha Kanida appeals from a jury verdict in favor of her employers, defendants Gulf Coast

Medical Personnel LP ("GCMP") and Nursefinders Inc., which found that the defendants did not

retaliate against Kanida in violation of the Fair Labor Standards Act. 29 U.S.C. § 215(a)(3). Kanida

claims that she is entitled to a new trial because the district court refused to include a requested

permissive pretext instruction in the jury charge, and also because of two additional jury instructions

she requested that the district court refused to give. Kanida also claims that two jury instructions the district court actually gave were improper and require a new trial. Additionally, Kanida challenges the district court's evidentiary rulings limiting or excluding the testimony of five witnesses. Finally, Kanida claims that the district court erred when it concluded that a victim of retaliation cannot recover compensatory and punitive damages under the FLSA. For the following reasons, we affirm the district court.

I

In August 1999, Kanida contacted Mary Beth Parks, the founder and owner of Gulf Coast Medical Personnel ("GCMP"), and requested a meeting. At this meeting Kanida claimed that GCMP owed her unpaid overtime compensation. Parks collected Kanida's employment records, calculated the amount that GCMP owed, and offered payment to Kanida. Kanida refused GCMP's offers, and demanded payment of an amount significantly higher than Parks calculated. Kanida filed a complaint regarding the unpaid overtime compensation with the Department of Labor ("DOL"), which commenced an investigation in November 1999. While this investigation was ongoing, Parks finalized the sale of GCMP to Nursefinders. Parks continued to work for Nursefinders, and Nursefinders assumed any potential liability associated with Kanida's claims. At the conclusion of the DOL's investigation, Nursefinders and Parks attended a conference with the DOL where Parks acknowledged liability for the unpaid overtime. Parks subsequently offered payment of unpaid overtime compensation to all of the affected employees as determined by the DOL. Kanida again declined to accept payment of this amount and retained counsel to pursue the matter. Kanida filed this lawsuit in May 2000, but continued working for Nursefinders until January 2001 when she left voluntarily.

Kanida claimed that Parks, and consequently GCMP and Nursefinders, retaliated against her for filing a complaint with the DOL in violation of the Fair Labor Standards Act ("FLSA"). To support her retaliation claim, Kanida produced evidence to show that subsequent to her filing of the DOL claim she was subject to adverse employment actions.[1] In response to Kanida's production of this evidence, GCMP offered legitimate non-discriminatory reasons for the disputed actions.[2] Kanida then offered evidence to show that GCMP's purported reasons were merely a pretext for actions that were actually retaliation for her DOL complaint. The case was tried to a jury which ruled in favor of GCMP. Kanida moved for a new trial, but the district court denied this motion and entered final judgment awarding Kanida only the overtime pay that the parties stipulated she was entitled to based upon the DOL investigation. This appeal followed.

II

Kanida argues that the district court abused its discretion by refusing to include the permissive

---

[1] Kanida presented evidence that GCMP gave her written reprimands associated with her work, gave her negative employment evaluations, decreased her salary, refused to assign her to light duty work after she was involved in a non-work related car accident, and reduced her scheduled hours after her doctor removed the weight restrictions resulting from her accident.

[2] GCMP presented evidence to show that the written reprimand was given because Kanida failed to inform her immediate supervisor of a change to the prescribed medication for her patient. GCMP claimed that Kanida's negative employment evaluation was based upon the written reprimand, complaints made by two nurses, both orally to Parks and in writing, that Kanida was harassing them about their overtime compensation claims, and a report by another nurse, Cheryl Oliver, to her supervisor that Kanida had approached her to solicit a GCMP patient away from the company. GCMP presented evidence that Kanida's salary was reduced because her job responsibilities had decreased, and that her salary was not reduced earlier due to a clerical error. GCMP claimed that Kanida was not provided with as many light duty assignments as she requested because no assignments fitting her needs were available at that time. Finally, GCMP presented evidence that the reduction in Kanida's hours was the result of her own request and not done in retaliation.

pretext instruction she requested in its jury charge.[3]    A permissive pretext instruction specifically informs jurors that they are permitted to, but need not, infer that an employer's actions regarding an employee were based on a prohibited motivation from evidence that the reasons the employer gave for its actions were mere pretext.  *See Ratliff v. City of Gainesville, Tex.*, 256 F.3d 355, 359-60 (5th Cir. 2001).  This is, however, only an evidentiary instruction, and to prevail employees must prove that the employer's actions were taken because of the prohibited motivation.  *Id*. at 359 n.3.  Kanida claims that our decision in *Ratliff* requires district courts to give a permissive pretext instruction in employment retaliation cases.

*Ratliff* considered a permissive pretext instruction within the context of an age discrimination claim under the Age Discrimination in Employment Act.  *Id.* at 359.  As part of his claim, the plaintiff in *Ratliff* presented evidence to show that the non-discriminatory reasons the employer gave for its actions were actually a pretext for age discrimination.  *Id*.   This plaintiff requested a permissive pretext instruction, similar to the one at issue here, and the *Ratliff* district court also refused to include this instruction in its jury charge.  *Id*.  The district court in *Ratliff* also chose to instruct the jury regarding the plaintiff's burden in that case by using a "pretext plus" jury instruction.[4]  *Id*.  In *Ratliff* we held that "the district court erred in failing to give an inference instruction and [in] holding jurors to a 'pretext plus' standard."  *Id.* at 364.  Relying upon *Reeves v. Sanderson Plumbing*

---

[3]The permissive pretext instruction Kanida requested was: "If the plaintiff disproves the reasons offered by Defendants by a preponderance of the evidence, you may presume that the employer was motivated by retaliation."

[4] The "pretext plus" standard  "requires a plaintiff not only to disprove an employer's proffered reasons for the discrimination but also to introduce additional evidence of discrimination" while under the  "permissive pretext" standard  "if the plaintiff establishes that the [employer's] reasons are pretextual, the trier of fact is permitted, but not requi red, to enter judgment for the plaintiff."  *Ratliff*, 256 F.3d at 361 (citations omitted).

*Products, Inc.*, 530 U.S. 133, 148, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000), we correctly held that district court erred in giving the "pretext plus" instruction because this instruction incorrectly stated the plaintiff's burden of proof. *Ratliff*, 256 F.3d at 361-62 (citing *Reeves*, 530 U.S. at 147, 120 S. Ct. 2097 (holding that "it is *permissible* for the trier of fact to infer the ultimate fact of discrimination from the falsity of the employer's explanation") (emphasis in original)). However, in *Ratliff* we also relied upon *Reeves* to decide t hat the district court erred when it refused to give a requested permissive pretext jury instruction in an employment discrimination case. *Ratliff*, 256 F.3d at 360.

While *Reeves* clarified the legal burden of production a plaintiff must meet to present their case to a jury, *Reeves*, 530 U.S. at 146-47, 120 S.Ct. 2108, it did not address whether a district court must give a permissive pretext jury instruction. Many of our sister circuits do not understand *Reeves* to *require* that instruction. *See Moore v. Robertson Fire Prot. Dist.*, 249 F.3d 786, 789 (8th Cir. 2001) (failure to include instruction on pretext is not reversible error where the given instructions correctly stated the law because the jury was still free to consider any evidence of pretext)*; Palmer v. Bd. of Regents of the Univ. Sys. of Ga.*, 208 F.3d 969, 974-75 (11th Cir. 2000) (no reversible error from refusal to include permissive pretext instruction when the rest of the jury instructions correctly stated the law); *Fite v. Digital Equip. Corp.*, 232 F.3d 3, 7 (1st Cir. 2000) (finding that although an instruction that the jury can infer discrimination from evidence of pretext is permitted, "we doubt that such an explanation is compulsory, even if properly requested"). We recognize, however, that other circuits agree with our decision in *Ratliff*. *See Ratliff*, 256 F.3d at 361 n.7 (citing *Smith v. Borough of Wilkensburg*, 147 F.3d 272, 280 (3d Cir. 1998) (requiring that jurors receive a permissive pretext instruction); *Cabrera v. Jakabovitz*, 24 F.3d 372, 382 (2d Cir. 1994) (same)); *Townsend v. Lumbermans Mut. Cas. Co*. 294 F.3d 1232, 1241 (10th Cir. 2002) (requiring permissive pretext

instruction when "a rational finder of fact could reasonably find the defendant's explanation false").

Despite this concern, "it is the firm rule of this circuit that one panel may not overrule the decisions of another." *United States v. Taylor*, 933 F.2d 307, 313 (5th Cir. 1991). Therefore, we are required to follow *Ratliff*. Although *Ratliff*'s decision that the district court erred by refusing to give a permissive pretext instruction in employment discrimination cases was not necessary to reach its decision to reverse the district court, *see Ratliff*, 256 F.3d at 364 (holding that the "pretext plus" instruction requires reversal), this decision is still binding precedent upon this panel as an alternative holding. *See, e.g., United States v. Adamson*, 665 F.2d 649, 656 n.19 (5th Cir. 1982) (holding that decisions on issues that were fully presented and litigated, and likely to arise on retrial, are not dictum and are still binding precedent even if the decision was not necessary to support the ultimate ruling, such as an alternative holding).

We are concerned that our permissive pretext jury instruction holding in *Ratliff* unnecessarily expands the scope of the *Reeves* opinion for four reasons. First, and most importantly, *Reeves* was not a jury case. In *Reeves,* the Supreme Court reviewed the evidence a plaintiff must produce to fulfill their burden and avoid summary judgment or judgment as a matter of law. *Reeves*, 530 U.S. at 146-47, 120 S. Ct. 2097. *Reeves* considered the plaintiff's burden of production within the context of the burden shifting analysis first articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d. 668 (1978). *See Reeves*, 530 U.S. at 142-47, 120 S. Ct. 2097.[5] In

---

[5] In a *McDonnell Douglas* analysis, the plaintiff must first prove their *prima facie* case, which creates a presumption that the employer acted with discriminatory intent. *Reeves*, 530 U.S. at 142, 120 S. Ct. 2097. The employer can rebut this presumption by producing legitimate nondiscriminatory reasons for their actions. *Id.*, 120 S. Ct. 2097. Once the employer does this, the presumption drops out of the case, and the only remaining question is whether the defendant intentionally discriminated against the plaintiff. *Id*. at 142-43, 120 S. Ct. 2097. The plaintiff then has the opportunity to present evidence showing that the employer's proffered explanations were a mere pretext for discrimination

*Reeves*, the circuit court understood Supreme Court precedent to require plaintiffs to produce evidence that the employer's purported  justifications were pretext "plus" additional evidence of actual discrimination, and held that judgment as a matter of law for the defendant was appropriate in that case because the plaintiff failed to produce any additional evidence.  *Id*. at 145-46, 120 S. Ct. 2097.  The Supreme Court found that "the Court of Appeals misconceived the evidentiary burden bourne by plaintiffs" as previously defined by the Supreme Court because "a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated."  *Id*. at 146-48, 120 S. Ct. 2097.  Thus, *Reeves* was intended to clarify the judiciary's understanding of the evidentiary burden of production plaintiffs must meet to survive *McDonnell Douglas* burden shifting analysis. *Id*. at 146-47, 120 S. Ct. 2097 (citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511, 113 S. Ct. 2742, 125 L. Ed. 2d 407 (1993)).  "The *McDonnell Douglas* formula, however, is applicable only in a directed verdict or summary judgment situation," and "is not the proper vehicle for evaluating a case that has been fully tried on the merits."  *Powell v. Rockwell Int'l Corp.*, 788 F.2d 279, 285 (5th Cir. 1986).[6]  Thus, *Ratliff*'s holding that *Reeves* also guides the evaluation of cases fully tried on the

___

and not worthy of credence.  *Id.*, 120 S. Ct. 2097.  However, "although the evidentiary burdens shift back and forth under this framework" the plaintiff always bears the burden of "persuading the trier of fact that the defendant intentionally discriminated" against them.  *Id*. at 143, 120 S. Ct. 2097.

[6] Indeed, although *Ratliff* did not consider this fact, every Fifth Circuit precedent cited in *Ratliff* applied *Reeves* within the context of a district court's grant of summary judgment or judgment as a matter of law and not within the context of jury instructions.  *See Ratliff*, 256 F.3d at 360-61 (citing *Blow v. City of San Antonio*, 236 F.3d 293, 297 (5th Cir. 2001) (applying *Reeves* in a summary judgment case); *Evans v. City of Bishop*, 238 F.3d 586, 591 (5th Cir. 2000) (summary judgment case); *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 223 (5th Cir. 2000) (judgment as a matter of law); *Rubenstein v. Adm'rs of Tulane Educ. Fund*, 218 F.3d 392, 400 (5th Cir. 2000) (summary judgment case)).

merits appears to be in tension with *Reeves* and our own precedent.

Second, *Reeves* did not change what a plaintiff must ultimately prove to prevail on their claim))that the adverse employment action was motivated by actual discriminatory intent. *Reeves*, 530 U.S. at 147, 120 S. Ct. 2097 ("In other words, '[i]t is not enough to *dis*believe the employer; the factfinder must *believe* the plaintiff's explanation of intentional discrimination.'") (emphasis in original) (internal citations omitted). This Court has consistently held that district courts should not frame jury instructions based upon the intricacies of the *McDonnell Douglas* burden shifting analysis. *See, e.g., Walther v. Lone Star Gas Co.*, 952 F.2d 119, 127 (5th Cir. 1992) ("Instructing the jury on the elements of a prima facie case, presumptions, and the shifting burden of proof is unnecessary and confusing."); *Olitsky v. Spencer Gifts, Inc.*, 964 F.2d 1471, 1478 (5th Cir. 1992) (same). Instead, we have held that district courts should instruct the jury to consider the ultimate question of whether a defendant took the adverse employment action against a plaintiff because of her protected status. *Cf. Walther*, 952 F.2d at 127*; Olitsky*, 964 F.2d at 1478. Before *Ratliff* we only required district courts to instruct juries on the ultimate question they must answer; *Reeves* did not change this. Consequently we should not have interpreted *Reeves* to alter the instructions that district courts are required to give to a jury.

Third, the pretext inference described in *Reeves* is merely a permissive and not a mandatory inference. *See Reeves*, 530 U.S. at 148, 120 S. Ct. 2097 (noting that "there will be instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no rational factfinder could conclude that the action was discriminatory"). The Fifth Circuit pattern jury instruction on the consideration of evidence permits jurors to draw the reasonable inferences they feel the evidence justifies. *See* U.S. FIFTH CIRCUIT DIST. JUDGES ASSOC.,

PATTERN JURY INSTRUCTIONS: CIVIL CASES-CONSIDERATION OF THE EVIDENCE § 2.18 (1999). There are numerous permitted inferences, and only requiring an instruction regarding the permissive pretext inference risks confusing the jury regarding the ultimate issue a plaintiff must prove. *Cf. Gehring v. Case Corp.*, 43 F.3d 340, 343 (7th Cir. 1994) ("[A] judge need not deliver instructions describing all valid legal principles. Especially not when the principle in question describes a permissible, but not an obligatory, inference."). To prevail, a plaintiff must show actual discriminatory intent; successfully rebutting the defendant's asserted justifications may not itself be sufficient. *See Reeves*, 530 U.S. at 141, 120 S. Ct. 2097 ("When a plaintiff alleges disparate treatment, liability depends on whether the protected trait . . . actually motivated the employer's decision.") (citations omitted). Diverting the jurors' attention in this manner risks understating the complexity of their inquiry, and potentially places the burden of persuasion upon employers to show that the explanations they offer are true rather than requiring plaintiffs to prove that their employers acted with inappropriate intent. *Cf. Townsend v. Lumbermans Mut. Cas. Co.*, 294 F.3d 1232, 1246 (10th Cir. 2002) (Brorby, J., dissenting) ("[I]n some instances, a facially neutral permissive inference instruction might draw unwarranted attention to a small portion of the evidence presented at trial or mislead the jury as to the applicable law.").

Fourth, and finally, in *Ratliff* we based our holding that permissive pretext instructions are required in part on the concern that "[w]ithout a charge on pretext, the course of the jury's deliberations will depend on whether the jurors are smart enough or intuitive enough to realize that inferences of discrimination may be drawn from the evidence establishing plaintiff's prima facie case and the pretextual nature of the employer's proffered reasons for its actions," and concluded that "[i]t does not denigrate the intelligence of our jurors to suggest that they need some instruction in the

permissibility of drawing that inference." *Ratliff*, 256 F.3d at 361 n.7 (quoting *Smith v. Borough of Wilkensburg*, 147 F.3d 272, 281 (3d Cir. 1998)).  However, in this case, even without the permissive pretext instruction, the jury received instructions regarding the ultimate legal question it must answer and the jury was also instructed that it was permitted to draw any reasonable inferences it felt the evidence justified.  The plaintiff was free to argue that actual discriminatory intent was the appropriate inference to make from the evidence offered to show that the employer's purported reasons for their actions were mere pretext.[7]  For these reasons, we disagree with *Ratliff* and urge *en banc* reconsideration of its holding that it is error for the district court to refuse to give a requested permissive pretext instruction in employment discrimination cases.

### III

As discussed above, the *Reeves* opinion, on which *Ratliff* based its permissive pretext holding,

---

[7] The Supreme Court has found in certain circumstances that argument to the jury by counsel cannot replace a jury instruction by the district court.  *See, e.g., Carter v. Kentucky*, 450 U.S. 288, 304, 101 S. Ct. 1112, 67 L. Ed. 2d 241 (1981) ("The other trial instructions and arguments of counsel that the petitioner's jurors heard at the trial of this case were no substitute for the explicit instruction that the petitioner's lawyer requested."); *Taylor v. Kentucky*, 436 U.S. 478, 488-89, 98 S. Ct. 1930, 56 L. Ed. 2d 468 (1978) (finding that the mere fact that defense counsel argued the presumption of innocence to the jury in both opening and closing argument could not compensate for the failure of the court to include a specific instruction on this issue).  However, in other circumstances the Court has found argument by counsel sufficient. *See Simmons v. South Carolina*, 512 U.S. 154, 169, 114 S. Ct. 2187, 129 L. Ed. 2d 133 (1994) (finding that in death penalty cases where future dangerousness is an issue, "due process plainly requires that [the defendant] be allowed to bring [the possibility of imprisonment without parole] to the jury's attention *by way of argument by defense counsel* or an instruction from the court." ) (emphasis added).  *Carter* and *Taylor* are distinguishable from this case because they involved mandatory and not permissive presumptions. *Carter*, 436 U.S. at 294, 101 S. Ct. 1112 (criminal defendant requested instruction that he was not compelled to testify and that no inference of guilt can result from the fact that he refused to do so); *Taylor*, 436 U.S. at 480-81, 98 S. Ct. 1930 (criminal defendant requested a jury instruction regarding the presumption of innocence).  Therefore, argument to the jury by plaintiff's counsel regarding the permissible inference is sufficient when the jury is correctly instructed on the ultimate burden the plaintiff bears.

elaborates upon the requirements of the *McDonnell Douglas* burden shifting analysis. Retaliation claims under the FLSA are also subject to the *McDonnell Douglas* analytical framework. *See Brock v. Casey Truck Sales, Inc.*, 839 F.2d 872, 876-78 (2d Cir. 1988) (holding that *McDonnell Douglas* pretext analysis applies to FLSA claims); *Connor v. Schnuck Mkts., Inc.*, 121 F.3d 1390, 1394 (10th Cir. 1997) ("In analyzing FLSA retaliation claims, we apply the shifting burden of proof scheme initially articulated in *McDonnell Douglas*.") (citations omitted). Thus, *Ratliff* applies as equally to FLSA cases as it does to employment discrimination cases. Kanida is correct that the district court was required to give her requested permissive pretext instruction, and erred by not doing so.

GCMP claims that *Ratliff* is distinguishable from this case on its facts. In *Ratliff* the district court chose to instruct the jury on *McDonnell Douglas* burden shifting. *See Ratliff*, 256 F.3d at 359, 361-62. GCMP thus claims that *Ratliff* only requires permissive pretext instructions in cases where the district court has instructed the jury as to *McDonnell Douglas* burden shifting, and that in cases where no such instruction was given, the permissive pretext instruction is not required. We find nothing in *Ratliff* suggesting such a limitation. *See Ratliff*, 256 F.3d at 360-61. Indeed it would not make sense to read *Ratliff* this way because on remand the district court should not formulate its instructions based upon *McDonnell Douglas*. While *Ratliff* did not specify the precise language a permissive pretext instruction must contain, under the stare decisis rules of this court we find that the district court erred by refusing to include a permissive pretext instruction in its jury charge.

Although in *Ratliff* we held that it was error for a district court to refuse to give a requested permissive pretext instruction, we did not consider whether, based upon the facts of that case, the failure to give the permissive pretext instruction rose to the level of reversible error. *Ratliff*, 256 F.3d at 360-61, 364. This was because the improper "pretext plus" instruction provided reversible error

-11-

and it was unnecessary to consider whether not giving the permissive pretext instruction constituted

reversible error. *Id.* at 361-62, 364. In contrast, in this case we must determine whether the district

court's refusal to give the requested permissive pretext instruction is reversible error.

"This Court reviews a district court's refusal to provide a requested jury instruction for abuse

of discretion." *United States v. McClatchy*, 249 F.3d 348, 356 (5th Cir. 2001) (citations omitted).

Recognizing that district courts have substantial latitude in crafting jury instructions, the district

court's refusal to give a requested jury instruction constitutes reversible error "only if the instruction

1) was a substantially correct statement of law, 2) was not substantially covered in the charge as a

whole, and 3) concerned an important point in the trial such that the failure to instruct the jury on the

issue seriously impaired the [party's] ability to present a given [claim]." *Id.*

As our previous discussion indicates, the permissive pretext instruction Kanida requested is

a correct statement of law. In addition, based upon our understanding of *Ratliff*, we find that the

requested permissive pretext instruction was not substantially covered in the charge as a whole. The

instruction on inference the district court gave in this case was a general inference instruction.[8] Under

---

[8]The general inference instruction given in this case was very similar to the pattern jury instructions in this Circuit. The actual instruction given was:

> You must consider only the evidence in the case, but you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case. . . . There are two types of evidence you may consider. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence, the proof of circumstances that tend to prove or disprove the existence or nonexistence of certain other facts. The law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

*Ratliff*, the Fifth Circuit's pattern general inference instruction is insufficient and a permissive pretext instruction must also be given. *Ratliff*, 256 F.3d at 360 nn.5-6. Although failing to give a requested permissive pretext instruction courts reversal, based upon our consideration of the record, we conclude that this error did not seriously impair Kanida's ability to present her claim in this case. The district court's refusal does not constitute reversible error.

Other than its failure to give Kanida's requested permissive pretext instruction, the district court's instructions properly stated the law governing this case. The jury was instructed to find for Kanida if it found that she would not have suffered the adverse employment actions absent her protected activity of filing a DOL complaint. Unlike the plaintiff in *Ratliff*, the instructions did not require Kanida to meet a "pretext plus" burden. Further, the permissive pretext instruction issue was resolved at the charge conference prior to closing arguments, and all of the parties understood that the law permits the jury to infer actual discrimination based only on evidence supporting Kanida's prima facie case under *McDonnell Douglas* and the evidence showing pretext on the part of GCMP. Kanida was free to tailor her argument to fit the court's instructions and to argue based upon those instructions that the jury should infer actual discrimination based upon the evidence she presented in this case showing pretext on the part of GCMP. Defendants could not argue that this was not a permitted inference. The jury was properly instructed regarding the controlling law and trial counsel was able to present the jury with the inferences they were permitted to make from the evidence. Consequently we cannot conclude that Kanida was seriously impaired in presenting her claim. Therefore, although the district judge's failure to give the requested permissible pretext instruction

---

*Cf.* U.S. FIFTH CIRCUIT DIST. JUDGES ASSOC., PATTERN JURY INSTRUCTIONS: CIVIL CASES-CONSIDERATION OF THE EVIDENCE § 2.18 (1999).

is error under *Ratliff*, it does not rise to the level of reversible error in this case.

IV

Kanida claims that the district court abused its discretion by refusing to include in the jury charge two additional instructions she requested. These claims are reviewed under the same standard as the permissive pretext instruction above. *McClatchy*, 249 F.3d at 356. First, Kanida claims the district court's refusal to include a vicarious liability instruction is reversible error.[9] Both parties recognize that Kanida's requested instruction was a correct statement of law, however GCMP argues there was no reversible error because the instruction was substantially covered in the charge as a whole and it did not concern "an important point in the trial such that the failure to instruct the jury on the issue seriously impaired the [party's] ability to present a given [claim]." *McClatchy*, 249 F.3d at 356.

GCMP's only defense was that the actions its employees took regarding Kanida were not retaliatory. It never disputed the issue of vicarious liability. Further, Kanida points to no evidence in the record suggesting that vicarious liability was ever an issue at trial. In the jury charge conference, defendants indicated that they believed that this undisputed issue was adequately addressed by the general circumstantial evidence and inference instructions and the district judge agreed. Even, assuming their belief was incorrect, if further clarification or emphasis of an employer's responsibility for the actions of its employees was necessary, nothing prevented Kanida from

---

[9] The jury instruction Kanida proposed stated:
>    The Defendants in this case are a corporation and partnership. A corporation and partnership are legal entities, or persons, and may be found guilty of retaliation. A corporation and/or partnership, may only act through natural persons, who are known as its agents. In general, any agent or representative of a corporation may bind a governmental body by his or her acts, declarations, or omissions.

-14-

highlighting this issue in her argument to the jury. This instruction did not concern a disputed issue at trial and the jury was adequately instructed on the law governing retaliation, the ultimate issues it had to resolve in this case. Therefore, refusing to include the vicarious liability instruction did not impair Kanida's ability to present her claims to the jury.

Second, Kanida claims the district court erred in refusing to include a "taint" instruction.[10] We need not consider the merits of this claim because Kanida did not adequately preserve this issue for appeal. Failure to present a specific written instruction to the trial court bars an subsequent complaint on appeal that the instruction was not given. *Transoil (Jersey) Ltd. v. Belcher Oil Co.*, 950 F.2d 1115, 1120 (5th Cir. 1992) (citing *Fisher v. Indiana Lumbermens Mutual Ins. Co.*, 456 F.2d 1396, 1400 (5th Cir. 1972)). Although Kanida requested an instruction providing that a plaintiff does not have to prove a direct causal connection in a discrimination claim,[11] she never requested a taint instruction. Her direct causal connection instruction was not sufficient to preserve a claim regarding a taint instruction for appeal. *See* FED. R. CIV. P. 51 ("No party may assign as error  the giving . . . of an instruction unless that party objects thereto . . . stating distinctly the matter objected to and the grounds of the objection."). The direct causal connection instruction differs significantly from a taint instruction because it never mentions either the relationships between employees or the circumstances under which one employee's discriminatory animus can taint the actions of another employee. Thus, Kanida's objection before the district court regarding her requested causal connection instruction

---

[10] A "taint" instruction informs the jury that the improper motive of one member of a corporation can taint the actions taken by another employee in certain situations. *See Ratliff*, 256 F.3d at 362-63; *see also Laxton v. Gap, Inc.*, 333 F.3d 572, 584 (5th Cir. 2003) (describing situation where discriminatory animus of an employee can be imputed to actions of other employees).

[11] The full text of the instruction Kanida requested was: "Plaintiff does not have to establish a direct causal connection in a retaliation claim."

-15-

failed to adequately preserve a taint instruction for appellate review.

Kanida claims two instructions the district court chose to include in the jury charge are also reversible error. "Challenges to jury instructions are reviewed to determine whether the court's charge, as a whole is a correct statement of the law and clearly instructs jurors on the legal principles at issue." *Rubinstein v. Adm'rs of the Tulane Educ. Fund*, 218 F.3d 392, 404 (5th Cir. 2000). First, Kanida claims the "but for" causation standard the district court used as the definition of a motivating factor is reversible error because it is the wrong legal standard.[12] "But for" causation is a correct statement of law in this case. This Court has repeatedly stated that in retaliation cases the employee must prove that the adverse employment action would not have occurred "but for" plaintiff's protected activity. *See, e.g., Rios v. Rossotti*, 252 F.3d 375, 380 (5th Cir. 2001) ("For retaliation claims, this final burden requires the plaintiff to demonstrate that the adverse employment action would not have occurred 'but for' the protected activity."); *Seaman v. CSPH, Inc.*, 179 F.3d 297, 301 (5th Cir. 1999) (In a retaliation claim, "[u]ltimately the employee must show that 'but for' the protected activity, the adverse employment action would not have occurred."). Thus, inclusion of this instruction was not error on the part of the district court.

Second, Kanida claims on appeal that including a business judgment instruction was reversible

---

[12] The specific instruction in this case was:

> To prevail on this claim, Ms. Kanida must prove by a preponderance of the evidence that these alleged adverse employment actions occurred and that they would not have occurred "but for" her filing of the complaint with the Department of Labor. In other words, Ms. Kanida must prove that her filing with the Department of Labor was a motivating factor in the alleged adverse employment actions.

-16-

error because it undermined her efforts to show that GCMP's stated reasons were pretext.[13] Kanida failed to object to this instruction before the district court. *See* FED. R. CIV. P. 51 ("No party may assign as error the giving or failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict. . . ."). Therefore we will only review this instruction for plain error. *Texas Beef Group v. Winfrey*, 201 F.3d 680, 689 (5th Cir. 2000). Including this instruction in the jury charge was not plain error because this Court has approved similar business judgment instructions in other retaliation cases. *See, e.g., Julian v. City of Houston*, 314 F.3d 721, 727 (5th Cir. 2002) (approving a similarly worded business judgment instruction in an ADEA case). Therefore, Kanida's claim regarding this instruction fails.

V

Kanida challenges five of the district court's evidentiary rulings excluding certain testimony. "We apply an abuse of discretion standard when reviewing evidentiary rulings. If an abuse of discretion is found, the harmless error doctrine is applied. Thus, evidentiary rulings are affirmed unless the district court abused its discretion and a substantial right of the complaining party was affected." *Green v. Adm'rs of the Tulane Educ. Fund*, 284 F.3d 642, 660 (5th Cir. 2002) (citations omitted).

First, Kanida challenges the district court's decision to exclude the testimony of Judi Coates.

---

[13] The business judgment instruction given in this case was:
> You may not return a verdict for Ms. Kanida just because you might disagree with Gulf Coast's or Nursefinders' actions or believe them to be harsh or unreasonable. Under the law, employers are entitled to make employment decisions for a good reason, for a bad reason, or for no reason at all, so long as the decision is not motivated by unlawful retaliation. You should not second-guess Gulf Coast or Nursefinders' decision or substitute your own judgment for theirs.

Kanida claims that Coates was going to testify that she left her employment with GCMP, but returned several months later to claim unpaid overtime compensation from GCMP. Coates would further testify that GCMP entered into a settlement agreement with her regarding this compensation, but that Parks became angry with Coates and threatened her life during the process of reaching the settlement agreement. The district judge excluded this testimony for two reasons 1) it was impermissible character evidence because it was being introduced to show that Parks was the type of person who got angry, and 2) that the testimony was not relevant because the way Parks behaved towards Coates was not necessarily relevant to Parks' motive regarding any employment action taken with respect to Kanida.

After reviewing the record, we cannot say the district court abused its discretion by excluding this testimony. Kanida is correct that comments are admissible to show pretext if they 1) show retaliatory animus and 2) were made by the individual primarily responsible for the retaliatory conduct. *See Laxton v. Gap, Inc.*, 333 F.3d 572, 583-84 (5th Cir. 2003); *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 226 (5th Cir. 2000). These cases are distinguishable because, unlike this case, the comments in those cases were addressed to the party claiming they were the object of the animus. Here, Coates was not going to testify regarding any retaliatory animus Parks may have exhibited towards Kanida. Nor could Coates testify that she suffered any retaliatory actions as she was no longer employed with GCMP at the time of her alleged confrontation with Parks. Instead Kanida claims that Coates' testimony would help corroborate Kanida's claim that Parks acted with retaliatory animus towards her because she filed a complaint regarding overtime compensation with the Department of Labor. Ostensibly Kanida would argue that Parks' anger towards Coates supports the proposition that Parks had the same reaction when Kanida made a similar overtime compensation

claim. This testimony is impermissible propensity character evidence because Kanida would use Parks' reaction towards Coates to show that Parks' reacted the same way towards her. FED. R. EVID. 404(b) ("Evidence of other . . . acts is not admissible to prove the character of a person in order to show action in conformity therewith."). Furthermore, as the district court observed, it does not follow that an initial emotional reaction towards one person necessarily translates into retaliatory animus against another. Therefore, we cannot conclude that the district court abused its discretion by excluding the testimony of Judi Coates.

Second, Kanida challenges the exclusion of Paulette Bennett's testimony. The district court excluded Bennett's testimony because much of it consisted of impermissible hearsay evidence. FED. R. EVID. 802. Specifically, it found that Bennett's testimony regarding a conversation she overheard between Kanida and two other employees was hearsay. FED. R. EVID. 801. On appeal, Kanida argues this testimony was relevant and probative of her claim. Specifically, it would corroborate her testimony and help her establish pretext. Kanida did not, however, challenge the district court's ruling that this testimony was hearsay. This argument is waived. *See Trico Marine Assets Inc. v. Diamond B Marine Srvs. Inc.*, 332 F.3d 779, 790 n.6 (5th Cir. 2003) ("Issues not raised or argued *in the brief* of the appellant may be considered waived and thus will not be noticed or entertained by the court of appeals.") (citation omitted, emphasis in original).

Third, Kanida challenges the district court's ruling limiting her cross-examination of Cheryl Oliver.[14] The district court ruled that Kanida could not cross-examine Oliver regarding her purported knowledge that GCMP had hired undocumented foreign nurses. Kanida claims this line of cross-

---

[14] Cheryl Oliver was the nurse who reported to Parks that Kanida approached her about soliciting a GCMP patient away from the company, one of the reasons GCMP gave to justify the negative employment evaluation Kanida received. *See* supra note 2.

examination was necessary to show that Oliver was biased against Kanida, leading Oliver to fabricate portions of her testimony. Kanida claims Oliver disclosed the alleged hiring of undocumented nurses to Kanida and was upset when Kanida subsequently disclosed her knowledge of this practice to Parks. The district court did not permit Kanida to testify regarding the alleged hiring of undocumented workers during her case in chief. The district court also refused to allow Kanida to raise this topic during her cross-examination of Cheryl Oliver because the court found that it was prejudicial and irrelevant to this case. *See* FED. R. EVID. 403. Other than describing the alleged factual situation giving rise to the alleged bias, Kanida cites no legal authority nor makes any legal argument before us supporting her contention that the district court's decision was incorrect. Therefore, this claim was inadequately briefed and is waived for purposes of this appeal. *See Trico Marine Assets*, 332 F.3d at 790 n.6.

Kanida's final two evidentiary challenges concern the district court's refusal to allow two witnesses to testify on rebuttal, Rita Darjean and Kanida herself. Darjean was listed as a witness for Kanida's case in chief, but was not called. Kanida stated that it was necessary to call Darjean in rebuttal because the court refused to allow testimony from other witnesses during her case in chief. The purpose of Kanida's rebuttal testimony was "to refute everything [the defendants] say." The district judge refused to allow either person to testify on rebuttal because they both were available to testify during the plaintiff's case in chief and neither party was going to testify regarding evidence previously unavailable. *See Tramonte v. Fibreboard Corp.*, 947 F.2d 762, 764 (5th Cir. 1991) ("The trial court generally admits rebuttal evidence either to counter facts presented in the defendant's case in chief, or to rebut evidence unavailable earlier through no fault of the plaintiff.") (citations omitted). The district court did not abuse its discretion in excluding this rebuttal testimony.

-20-

VI

For the reasons discussed above, we AFFIRM the district court's amended final judgment awarding Kanida overtime pay in the amount stipulated to by the parties before trial. Therefore, we need not address plaintiff's claim concerning the availability of compensatory and punitive damages under the FLSA and DISMISS this claim as moot.

BENAVIDES, Circuit Judge, specially concurring:

I concur in the majority opinion in most respects. In particular, I agree that, under *Ratliff v. City of Gainesville*, 256 F.3d 355, 360-61 (5th Cir. 2001), the district court erred by refusing to instruct the jury on permissive pretext. I also agree that, because that error was harmless on the facts of this case, we must affirm the judgment of the district court.

However, I do not join the majority opinion's criticism of *Ratliff* or its call for en banc review of that decision. First, I am not convinced that *Ratliff*'s reasoning is incorrect. More importantly, because we have determined that the error in this case was harmless, the majority's critique of *Ratliff* is unnecessary. For the same reason, this case is not a suitable vehicle for us to reconsider *Ratliff* en banc. I would not urge en banc review and the expenditure of time and resources that review would entail.