United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 11, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50547
Summary Calendar

EDGAR LEE BREEDLOVE,

Plaintiff-Appellant,

versus

RUDY SANCHEZ, Assistant Warden; JUANITA DORMAN,
Class Supervisor; PAUL WEATHERBY, Building Captain

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:99-CV-35
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Edgar Lee Breedlove, Texas state prisoner # 637597, sued the defendants, employees of the Texas Department of Criminal Justice, under 42 U.S.C. § 1983, claiming he suffered injuries from performing manual labor in violation of his medical restrictions. Breedlove appeals the district court's entry of judgment in favor of the defendants following a jury trial.

The defendants filed a motion for summary judgment, which the district court referred to a magistrate judge. The magistrate

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judge issued a report and recommendation that the motion be denied. After no objections were filed, the district court adopted the report and recommendation and denied the defendants' motion for summary judgment. At trial, Breedlove repeatedly sought to introduce into evidence the magistrate's report and recommendation, claiming that the magistrate judge made specific factual conclusions that the district court adopted when it denied the defendants' motion for summary judgment. The district court refused to admit the report. After the jury returned a verdict for the defendants, the district court entered a take-nothing judgment against Breedlove.

Breedlove argues on appeal that the district court committed reversible error in permitting the jury to make fact findings that had already been made by the magistrate judge and adopted by the district court. Breedlove also contends that the district court plainly erred in failing to submit a jury instruction on supervisory liability.

If a summary judgment motion is granted, there is a finding that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.[1] However, in recommending a denial of the defendants' motion for summary judgment, the magistrate judge, after viewing the evidence in the light most favorable to Breedlove, found that there were genuine

---

[1] FED. R. CIV. P. 56(c); *see also Wallace v. County of Comal*, 400 F.3d 284, 288 (5th Cir. 2005).

issues of material fact that must be determined at trial.[2]  In denying the summary judgment motion, the magistrate judge did not make any dispositive credibility findings, nor did he make any determinative findings on the issues presented in this case.[3] Moreover, the only order the district court entered on the motion for summary judgment was an order denying the motion; the district court did not enter any kind of judgment in Breedlove's favor. Thus, the district court did not err in permitting the jury to make the requisite fact findings.

Breedlove also argues on appeal that the district court plainly erred in failing to instruct the jury on supervisory liability.  Breedlove did not request an instruction on supervisory liability and did not object to the charge.  Breedlove's failure to submit to the district court a specific written instruction on supervisory liability precludes him from complaining on appeal that the instruction was not given.[4]  Thus, the district court's

---

[2]See *Estate of Davis ex rel McCully v. City of N. Richland Hills*, 406 F.3d 375, 379 (5th Cir. 2005) ("'When a district court denies summary judgment on the basis that genuine issues of material fact exist, it has made two distinct legal conclusions: there are 'genuine' issues of fact in dispute, and that these issues are 'material'.'" (quoting *Reyes v. City of Richmond*, 287 F.3d 346, 351 (5th Cir. 2002))).

[3]See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986) ("[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.").

[4]See *Kanida v. Gulf Coast Med. Pers. LP*, 363 F.3d 568, 580 (5th Cir. 2004).

omission of a specific instruction on supervisory liability is not subject to our review.[5]

Insofar as Breedlove's argument can be construed as a challenge to the jury instructions, his failure to object limits our review of the instructions to plain error review.[6] Under plain error review, an appellate cannot correct an error not raised at trial unless there is (1) error, (2) that is plain,(3) that affected the complaining party's substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings.[7] Although upon request Breedlove could have obtained a more specific instruction on supervisor liability, the instructions given on deliberate indifference, personal participation, and participation in another's wrongful conduct were sufficient for the jury to determine whether the defendants acted with deliberate indifference.[8] If any error occurred, Breedlove has not shown that it affected his substantial rights or seriously affect the fairness, integrity, or public reputation of judicial

---

[5]*Id.*

[6]FED. R. CIV. P. 51(d)(2) ("A court may consider a plain error in the instructions affecting substantial rights that has not been preserved as required by Rule 51(d)(1)(A) or (B)."); *see also Kanida*, 363 F.3d. at 581.

[7]FED. R. CIV. P. 51(d)(2); *see also Taita Chem. Co. v. Westlake Strene, LP*, 351 F.3d 663, 668 (5th Cir. 2003)(internal citations and quotations omitted).

[8]*See Williams v. Hoyt*, 556 F.2d 1336, 1340 (5th Cir. 1977).

proceedings.[9]  Thus, Breedlove has failed to show plain error in the district court's jury instructions.[10]

The judgment is therefore AFFIRMED.

---

[9]*Taita Chem. Co.*, 351 F.3d at 668.

[10]*See Tilmon v. Prator*, 368 F.3d 521, 524 (5th Cir. 2004).