# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 26, 2010

No. 09-60534

Lyle W. Cayce
Clerk

DAVID COLLEY,

Plaintiff — Appellant

v.

CSX TRANSPORTATION, INC.

Defendant — Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:07-CV-1175

Before GARWOOD, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Appellant David Colley appeals the jury verdict against him and in favor of Appellee CSX Transportation, Inc. on the ground that the district court committed error by not permitting the jury to find that CSX was vicariously liable for its contractor's failure to cut vegetation at a private railroad crossing. Because we find that Colley did not properly preserve his objection and does not satisfy plain error review, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-60534

## FACTS AND PROCEEDINGS

Colley allegedly suffered injuries on November 2, 2004, when a concrete truck he was driving was struck by a train while crossing a private railroad crossing in Jackson County, Mississippi. Colley claimed that a 14-foot wall of vegetation blocked his view of the oncoming train. The crossing was a private crossing not accessible to the public, was built and maintained under contract by Colley's employer, Bayou Concrete, and served as a means of egress from Bayou's plant. Bayou was immune from suit because Colley collected worker's compensation benefits, but he sued CSX for negligence in failing to maintain the crossing. The district judge ruled on summary judgment and reiterated at trial that CSX had a non-delegable common law duty to maintain the crossing in question.

At the jury charge conference Colley objected to Instruction No. 16, concerning apportionment of fault, and to the jury verdict form "to the extent that it permits apportionment of fault." Instruction No. 16 read:

> It is the law that one is not liable for damage which was not proximately caused by him or her. Hence, if there is evidence on which you find it clearly possible to conclude that the damage resulting from the acts of CSX Transportation, Incorporated, can be separated from that resulting from the acts of other persons or entities that were not parties to this lawsuit, you may apportion fault or liability for those damages accordingly.

The special verdict form had one question on CSX's negligence—to which the jury answered "no"—and then questions on damages and apportionment of fault. These included Question Nos. 4 and 5, which asked:

> Question Number Four: Do you find by a preponderance of the evidence that the negligence of Bayou Concrete with respect to maintenance of the vegetation, if any, proximately caused or contributed to cause the locomotive/motor vehicle collision in this case? . . .

2

No. 09-60534

> Question Number Five: . . . [W]hat percentage of fault do you attribute to the negligence of each responsible party and/or non-party?

Both questions would only be answered if the jury answered "yes" to the first question, on CSX's negligence. The district court overruled Colley's objections and the jury later found that CSX was not negligent.

Colley argues that the district court erred when it permitted the jury, through its instructions and its jury verdict form, to apportion fault to Bayou Concrete, because CSX's duty to maintain the crossing was non-delegable. Colley claims that this error of law "deprived the jury of a certain means, under the Special Verdict Form, of determining whether Bayou Concrete was directly negligent and then imputing any liability thereby determined to CSX."

## STANDARD OF REVIEW

We review challenges to jury instructions for an abuse of discretion and will reverse the judgment only if the charge as a whole creates a substantial doubt as to whether the jury has been properly guided in its deliberations. *See Dahlen v. Gulf Crews, Inc.*, 281 F.3d 487, 494 (5th Cir. 2002). "Perfection is not required as long as the instructions were generally correct and any error was harmless. This standard provides the district court with great latitude concerning the charge." *Taita Chem. Co. v. Westlake Styrene, LP*, 351 F.3d 663, 667 (5th Cir. 2003) (footnote omitted).

## DISCUSSION

Colley argues that the jury instructions given by the district court misstated the law and confused the jury. "A party who objects to an instruction or the failure to give an instruction must do so on the record, stating distinctly the matter objected to and the grounds for the objection." FED. R. CIV. P. 51(c)(1). "Failure to present a specific written instruction to the trial court bars an [*sic*] subsequent complaint on appeal that the instruction was not given." *Kanida v.*

3

*Gulf Coast Med. Personnel LP*, 363 F.3d 568, 580 (5th Cir. 2004). To preserve an objection to jury instructions for review by this court, a party must bring the objection to the attention of the district court. *See Russell v. Plano Bank & Trust*, 130 F.3d 715, 719-20 (5th Cir. 1997) (citing 9A WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 2553 (2d ed. 1995)). A general objection to the instructions is not enough. *Russell*, 130 F.3d at 720. "Only when the appellate court is sure that the trial court was adequately informed as to a litigant's contentions may the appellate court reverse on the basis of jury instructions to which there was no formal objection." *Id.* (quoting *Industrial Dev. Bd. of the Town of Section, Ala. v. Fuqua Indus., Inc.*, 523 F.2d 1226, 1238 (5th Cir. 1975)). "Examples of this exception involve clear cases where the exception is justified: a litigant who fails to object when invited to do so but who had previously filed sufficient objections; a litigant who fails to object after the court intimated that no more objections would be heard; and a previous 'emphatic' ruling by a judge made later objections futile." *Taita Chem.*, 351 F.3d at 667-68 (footnotes omitted).

In a letter brief submitted to the court, Colley admitted that he did not propose a jury instruction as to CSX's vicarious liability, and that his only objections to the district court's negligence instructions were on grounds not relevant to this appeal. Since Colley did not preserve his objection, our review of the jury instructions is for plain error. *See Taita Chem.*, 351 F.3d at 668. Under this standard a party must show: (1) error (2) that is plain, (3) that affects substantial rights, and (4) that if left uncorrected would seriously affect the fairness, integrity, or public reputation of judicial proceedings. *Id.* "The plain error exception is designed to prevent a miscarriage of justice where the error is clear under current law." *Id.* The Mississippi Supreme Court has never ruled on whether a railroad is vicariously liable for its contractor's failure to maintain a private crossing, and accordingly it cannot be said that even if in error, the

district court's instructions were plainly so. Further, there was ample evidence to support the jury's finding of no negligence, so there is no miscarriage of justice in this case. While Colley did present evidence that the vegetation blocked his view, there was evidence cutting the other way. A defense expert, reviewing photographs of the crossing, testified that there was no vegetation blocking Colley's view and that Colley had a 480-foot line of sight as he approached the tracks. The police officer who investigated the crash could not say that vegetation contributed to the accident, "because if it had, I would have noted it in my report, especially if the driver would have told me that." A witness to the accident testified that he never saw Colley look to the right, in the direction of the oncoming train, as he approached the tracks. Another Bayou driver who crossed the tracks that day testified that his view was not obstructed. And a CSX track inspector testified that the track in question was inspected twice a month and sprayed for vegetation control once a year. There was no plain error and no miscarriage of justice.[1]

Finally, we must determine whether the district judge's apportionment instructions—to which Colley undisputedly preserved an objection—themselves

---

[1] Nor is it the case that Colley's objection to the apportionment instructions was sufficient to preserve his appeal as to the district court's failure to give a vicarious liability instruction. The gravamen of Colley's complaint on appeal is that the instructions "deprived the jury of a certain means, under the Special Verdict Form, of determining whether Bayou Concrete was directly negligent and then imputing any liability thereby determined to CSX." If the district court had granted Colley's objection and struck the apportionment instructions and questions, would that have satisfied his complaint?

The answer, clearly, is no. To get what he wanted, Colley needed to ask the district court to take another step: either to add a line to Question No. 1 of the verdict form that permitted the jury to find that Bayou failed to maintain the crossing, or to give an additional instruction to the jury that "such negligence [of CSX]" as used in Question No. 1 was a term of art that included Bayou's failure to maintain the crossing. While we do not hold that such an instruction would have correctly stated the law, it is clear from the record that Colley never requested the district court to take these additional steps or objected to the district court's failure to do so. Objecting to the apportionment instructions was not sufficient to apprise the district court of his contentions; Colley needed to make a positive objection to the negligence instructions or offer his own instruction on vicarious liability.

require remand for a new trial. In a diversity case, "the substance of jury charges is governed by state law, but the form or manner of giving the instruction is controlled by federal law." *Broad. Satellite Int'l, Inc. v. Nat'l Digital Television Ctr., Inc.*, 323 F.3d 339, 347 (5th Cir. 2003). Even if the jury instructions were erroneous, we will not reverse if we determine that the challenged instruction could not have affected the outcome of the case. *Hartsell*, 207 F.3d at 272.

Assuming *arguendo* that the district court misstated the law as regards apportionment of fault, this error did not affect the outcome of the case in light of the jury verdict of no negligence, which left no fault to apportion. A jury instruction, even if erroneous, is harmless if it is apparent in light of the verdict that the jury did not consider the erroneous instruction. *See Martin v. MBank El Paso, N.A.*, 947 F.2d 1278, 1281 (5th Cir. 1991) (error in instruction on reasonable reliance was harmless when a jury found that defendant was not negligent as to representation); *Perry v. Chevron U.S.A., Inc.*, 887 F.2d 624, 628 (5th Cir. 1989) (error in instruction on contributory negligence was harmless when a jury found that complained-of condition was not cause of injury); *Sulmeyer v. Coca Cola Co.*, 515 F.2d 835, 852 (5th Cir. 1975) (erroneous instruction on treble damages in antitrust case was harmless when a jury found no antitrust violation); *Wallace v. Ener*, 521 F.2d 215, 222 (5th Cir. 1975) (error in instruction on damages was harmless when a jury found for defendant on liability). *See also* 11 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 2886 (2d ed. 1995) ("Errors in instructions routinely are ignored . . . if the erroneous instruction went to an issue that is immaterial in light of the jury's verdict."). Any error in the apportionment instructions was immaterial in light of the finding of no negligence.

## CONCLUSION

The judgment of the district court is **AFFIRMED**.