# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 7, 2011

Lyle W. Cayce
Clerk

No. 10-50984

CHERI ESTRADA,

Plaintiff - Appellant

v.

THE CITY OF SAN ANTONIO,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:08-CV-986

Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

Plaintiff–Appellant Cheri Estrada raises two challenges to the district court's jury instructions in this Title VII gender discrimination case against her employer, Defendant–Appellee City of San Antonio. 42 U.S.C. § 2000e, *et. seq.* We AFFIRM the take-nothing judgment of the district court for the following reasons:

1. Estrada argues that the district court reversibly erred by not giving a permissive pretext jury instruction informing the jury that they could infer

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discrimination if they disbelieved the City's reasons for transferring Estrada. While it is true that the district court erred by not submitting such an instruction, *see Ratliff v. City of Gainesville*, 256 F.3d 355, 359, 364 (5th Cir. 2001), such error is not grounds for reversal if "[t]he jury was properly instructed regarding the controlling law and trial counsel was able to present the jury with the inferences they were permitted to make from the evidence." *Kanida v. Gulf Coast Med. Pers. LP*, 363 F.3d 568, 579 (5th Cir. 2004) (holding that failure to submit permissive pretext instructions is not reversible error if failure to submit was harmless). The record clearly demonstrates that the jury was properly instructed that they could draw inferences based on the evidence presented at trial and Estrada's counsel repeatedly informed them that if they disbelieved the City's reasons for transferring Estrada, they could find that the City discriminated against her. In the absence of any indication of harm and therefore reversible error, we have no basis for setting aside the judgment.

2. Estrada also appeals the district court's refusal to submit her proffered instructions regarding comparisons with the City's treatment of two of her male colleagues. "This Court reviews a district court's refusal to provide a requested jury instruction for abuse of discretion." *United States v. McClatchy*, 249 F.3d 348, 356 (5th Cir. 2001). We will only reverse for a failure to submit requested jury instructions if, among other things, "'the failure to instruct the jury on the issue seriously impaired the [appealing party's] ability to present a given [claim].'" *Kanida*, 363 F.3d at 578 (quoting *McClatchy*, 249 F.3d at 256). Here, Estrada's entire case focused on comparisons with the City's differential treatment of her two male colleagues. Indeed, the district court specifically instructed the jury that Estrada "claims that male detectives who were not

No. 10-50984

removed from the Shooting Team and from the Murder Detail were treated more favorably than her under nearly identical circumstances." Estrada's counsel repeatedly made arguments and presented evidence to the jury on this theory. As the district court's instructions accurately set out the controlling law and placed no limitations on Estrada's ability to make her case, we conclude that it did not abuse its discretion.[1]

The judgment of the district court is AFFIRMED.

---

[1] Estrada also asserts that the district court erred by failing to submit her proffered interrogatories on this issue. In the case of rejected interrogatories, the standard is again abuse of discretion and evaluated in terms of three factors: "(i) whether, when read as a whole and in conjunction with the general charge the interrogatories adequately presented the contested issues to the jury; (ii) whether the submission of the issues to the jury was fair; and (iii) whether the ultimate questions of fact were clearly submitted to the jury." *Goodman v. Harris Cnty.*, 571 F.3d 388, 401 (5th Cir. 2009) (internal quotations and citation omitted). For reasons identical to our conclusion regarding the district court's ruling on the comparitor instructions, we find no abuse of discretion regarding the district court's decision not to submit Estrada's interrogatories.