# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 23, 2015

Lyle W. Cayce
Clerk

No. 14-51054
Summary Calendar

JUAN FEBRES CARRASCO,

Plaintiff-Appellant

v.

MICHAEL O'TOOLE; EKPSZ, doing business as Texas Final Judgment, L.L.C.,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:12-CV-1127

Before JOLLY, DENNIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Pro se plaintiff-appellant Juan Febres Carrasco appeals the take nothing judgment following a jury trial in favor of defendant-appellee Michael O'Toole, who represents himself in this appeal. Carrasco also appeals the denial of his motion for a default judgment against defendant Texas Final Judgments, LLC. His complaint alleged that the defendants violated several provisions of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-51054

Fair Debt Collection Practices Act (FDCPA), as well as the Texas Debt Collection Practices Act and the Texas Deceptive Trade Practices Act. We liberally construe the filings of pro se litigants. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).

Carrasco contends that the jury was instructed to consider the "wrong evidence" in evaluating whether O'Toole was liable for making misleading representations in violation of the FDCPA. The court instructed the jury to consider two letters mailed by O'Toole on January 3, 2012, although the evidence reflected that one of the letters was mailed December 3, 2011. The evidence showed that O'Toole did not caution Carrasco in the December 3, 2011, letter that O'Toole was "attempting to collect a debt and that any information obtained [would] be used for that purpose," a purported violation of the FDCPA. *See* 15 U.S.C. § 1692e(11).

Because Carrasco did not object to the jury instruction, we review for plain error. *See* FED. R. CIV. P. 51(d)(2); *Jimenez v. Wood County,* 660 F.3d 841, 847 (5th Cir. 2011) (en banc). We are "exceedingly deferential to the trial court" when reviewing an instruction for plain error. *Fiber Systems Int'l, Inc. v. Roehrs*, 470 F.3d 1150, 1158 (5th Cir. 2006) (internal quotation marks and citation omitted). Carrasco must show an error that is clear or obvious that affects his substantial rights and also show that "failing to correct the error would seriously impact the fairness, integrity, or public reputation of judicial proceedings." *Id.*

Even assuming that the district court clearly or obviously erred in referencing two January 3, 2012, letters instead of directing the jury to consider the letter dated December 3, 2011, Carrasco fails to show that his substantial rights were affected. He points to no evidence that he was entitled to actual or statutory damages under 15 U.S.C. § 1692k for the alleged

No. 14-51054

violation of § 1692e(11).  He erroneously alleges instead that O'Toole was strictly liable for damages.  *See* § 1692k(a)(1), (a)(2)(A).  Without showing that his substantial rights were affected, he fails to establish plain error.  *See Jimenez*, 660 F.3d at 847; *Fiber Systems*, 470 F.3d at 1158.

Next, Carrasco contends that the district court erred in refusing to instruct the jury concerning the prohibitions in 15 U.S.C. § 1692g against "overshadowing" the 30-day period described in the important notice and failing to cease collection activities where the debt has been disputed; the requirements of the Texas debt collection statutes; and the requirement that the debt collector caution the debtor that he is attempting to collect a debt and that any information obtained will be used for debt collection purposes.  Carrasco also contends that the district court should have instructed the jury concerning actual damages.  We find no error in the district court's refusal to instruct the jury on overshadowing and the requirement to cease collection efforts if the consumer disputes the debt within the 30-day notice period.  There was no evidence in the record disputing O'Toole's testimony that he complied with the requirements of § 1692g.  *See Kanida v. Gulf Coast Med. Pers. LP*, 363 F.3d 568, 578-80 (5th Cir. 2004); *Syrie v. Knoll Int'l*, 748 F.2d 304, 310 (5th Cir. 1984).

With respect to the argument that the district court should have instructed the jury on the Texas law claims, Carrasco neglects to mention that the district court granted judgment as a matter of law in favor of O'Toole on the claims at the close of his case in chief.  Because Carrasco does not challenge the judgment as a matter of law, we find no error.  *See Kanida*, 363 F.3d at 578.  Nor do we find reversible error in the court's refusal to instruct the jury that a debt collector's initial communication to the consumer must include what has been called the "mini Miranda" warning required by § 1692e(11), as

3

No. 14-51054

Carrasco points to no evidence in the record suggesting that he was entitled to damages resulting from the absence of such a warning from the letter dated December 3, 2011. *See Eastman Chem. Co. v. Plastipure, Inc.*, 775 F.3d 230, 241 (5th Cir. 2014) (declining to correct a harmless error). Similarly, we find no reversible error in the district court's refusal to instruct the jury on the issue of actual damages, as there is no evidence in the record before this court that Carrasco suffered any actual damages. *See Kanida*, 363 F.3d at 578-80; *Syrie*, 748 F.2d at 310. To the extent Carrasco also claims that the district court erred in failing to give other instructions that he did not request in the district court, he is barred from raising such a complaint here. *See Kanida,* 363 F.3d at 580.

Carrasco also alleges that O'Toole violated the FDCPA by advising him that he had 30 days to dispute the debt without knowing that a foreclosure sale was scheduled during that time and by deliberately mailing a response to Carrasco's validation letter to the wrong address. However, Carrasco does not suggest any related error by the district court. We are a "court of error . . . charged only with determining whether the errors of fact and law asserted by appellants present valid reasons for reversing the results reached by the district court and the jury." *Stinnett v. Colo. Interstate Gas Co.*, 227 F.3d 247, 260 (5th Cir. 2000). We will not undertake a sua sponte effort to discover any error by the district court concerning these alleged violations of the law. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) (noting that even pro se litigants must brief arguments to preserve them); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (declining to raise and address legal issues the appellant failed to assert).

Additionally, Carrasco suggests that the district court was biased against him, although he fails to point to anything in the record suggesting

4

such a bias.  Wholly unsupported claims of judicial misconduct fail to establish any reversible error.  *See, e.g., Mata v. S. San Antonio Indep. Sch. Dist.*, No. 93-8182, 1993 WL 413927, 4 (5th Cir. Oct. 15, 1993) (unpublished) (noting that charges of judicial misconduct "are serious ones, not to be made lightly or recklessly, and certainly not in the absence of any genuine evidence whatsoever").

Finally, with respect to the district court's refusal to grant a default judgment against Texas Final Judgments, LLC, we note that "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations."  *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (internal quotation marks and citation omitted).  The district court dismissed Carrasco's claims against Texas Final Judgments because "there was no evidence of liability or damages concerning this defendant presented at trial."  Carrasco does not challenge the court's determination, and we find no abuse of discretion.  *See id.* at 767-68.

AFFIRMED.